UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

FLAMINGO SEPTIC AND UTILITIES, LLC,

Debtor.
_____/

Case No. 3:25-bk-04018-JAB
Chapter 11
*SubChapter V*

# DECLARATION OF CHARLES MULLIS IN SUPPORT OF CHAPTER 11 PETITION AND FIRST-DAY MOTIONS

I, Charles Mullis, being duly sworn, deposes and says:

1. I am a Member and a Manager of Flamingo Septic and Utilities, LLC ("Flamingo" or the "Debtor"), the above-captioned debtor, and debtor-in-possession.

2. In my capacity as Manager, I am involved in and/or oversee all financial and other aspects of the Debtor's affairs, including business operations, strategic planning, financial reporting, human resources, legal affairs, and other management activities.

3. I have personal knowledge of, and am familiar with, the business affairs, day-to-day operations, books and records, and financial condition of the Debtor, and I am authorized to submit this Declaration on behalf of the Debtor in support of the Debtor's Chapter 11 petition and the first-day pleadings described herein.

4. On November 3, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

5. The Debtor has filed or anticipate filing the following motions (collectively, the "First-Day Motions"):

   a. Debtor-in-Possession's Motion for Authority to Compensate Officer of the Debtor (the "Compensation Motion");

      b. Debtor-in-Possession's Motion for Order Authorizing Use of Cash Collateral (the "Cash Collateral Motion").

6. Additionally, the Debtor will be filing applications seeking authorization for the Debtor to retain certain professionals in connection with this Case.

7. I am submitting this Declaration in support of the Debtor's Chapter 11 petition and First-Day Motions. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, my opinion based on upon my experience and knowledge of the Debtor's operation and financial condition, and information provided to me by management, advisors, employees, or other representatives of the Debtor. If I were called as a witness, I would testify consistently with the facts set forth in this Declaration.

8. The Declaration provides an overview of the Debtor and the circumstances leading to the commencement of this Chapter 11 case. Section I of this Declaration provides an overview of the Debtor's operations and capital structure. Section II recounts the events preceding the bankruptcy filings. Section III affirms and incorporates the facts that support the relief requested in the First-Day Motions.

**I.**     **<u>Overview of the Debtor's Business</u>.**

    **A.**     **Description of the Debtor's Operations.**

9. The Debtor's primary business is a provider of septic system and utility contracting services, including pumping, installation, and line maintenance based out of Duval County, Florida. The primary location is 10212 New Kings Road, Jacksonville, FL 32219.

    **B.**     **Organizational Structure of the Debtor.**

10. Debtor is a limited liability company formed and organized under the laws of the State of Florida.

### C. The Debtor's Pre-petition Capital Structure.

11. The Debtor has financed its operations on a cash basis and via business credit cards. The Debtor has 1 pre-petition merchant cash advance lender that has a recorded 2 UCC-1 liens on the Debtor's cash and receivables. That lender is Kalamata Capital Group, LLC ("Kalamata"). Further, the Debtor has other merchant cash advance lenders, CFG Merchant Solutions, LLC ("CFG") and Highland Hill Capital, LLC ("Highland") that may have lien rights to Debtor's cash collateral but have not filed a UCC-1 lien.

12. The Debtor relies on current revenues to fund its operations.

## II. Events Leading to Chapter 11.

13. The Debtor has become overwhelmed primarily with a reduction in revenue and trade debt and high interest loan payments including payments to its Cash Collateral Lenders. The Debtor's approximate outstanding balances owed to its Cash Collateral Lenders are as follows: CFG ($575,000), Highland ($147,000), and Kalamata ($290,250).

14. Apart from the Cash Collateral Lenders, the Debtor also has several vendors and service providers which it struggles to remain current with, and other unsecured debt which it unable to pay.

## III. Facts in Support of First-Day Motions.

15. The Debtor has filed the First-Day Motions. The Debtor requests that each of the First-Day Motions described below be granted, as each constitutes a critical element in ensuring a successful outcome for the Debtor and its estate in this Chapter 11 case.

### A. Compensation Motion.

16. By the Compensation Motion, the Debtor is requesting authority to compensate myself, as Manager, and my wife Heather Mullis, as Co-Manager.

17. As stated above, my duties include, managing the septic division of the Debtor, running the day-to-day operations of the business, purchasing and accounts receivables, managing work crews, marketing, fleet and equipment management, maintenance, and logistics.

18. I work an average of 40+ hours a week.

19. I am requesting compensation of $2,500 gross pay per week. The appropriate taxes will be withheld and paid to the governmental agencies as required by law.

20. In addition, I am requesting the Debtor pay 100% of the health insurance premium from our group health insurance plan for the benefit of myself, my wife, and child in the approximate monthly premium of $1,800/month.

21. In the past 12 months, I have received the total compensation from the Debtor of $3,000/week, plus the $1,800/month health insurance premium paid on my behalf.

22. Heather Mullis' duties include management of the site division of the Debtor, HR and employee affairs, job estimates and bidding, professional liason with engineering and contractors, company administration and other tasks.

23. Heather Mullis works an average of 40+ hours a week.

24. I am requesting compensation of $2,500 gross pay per week. The appropriate taxes will be withheld and paid to the governmental agencies as required by law.

25. In the past 12 months, I have received the total compensation from the Debtor of $3,000/week, plus the $1,800/month health premium paid on my behalf, as referenced above.

26. The retention of Heather Mullis and myself is an integral part of the operations of Flamingo and my continued services are necessary for a successful reorganization. It would cost the company substantially more to find replacements.

27. For these reasons, I believe that the relief sought in the Compensation Motion should be granted.

**B.    Cash Collateral Motion.**

28. Prior to the Petition Date, the Debtor has three Cash Collateral Lenders that may have liens on its cash collateral. The Debtor reserves the right to challenge the extent and priority of any of the Cash Collateral Lenders' liens on any property and cash collateral.

29. The Debtor has filed this case to restructure its debt and pursue a small business Chapter 11 reorganization plan.

30. The Debtor primarily generates income from providing septic system and utility services to residential and commercial clients. At the time of filing, the Debtor had a total balance of approximately $25,000 in its Operating Account the business generates approximate gross receipts of $375,000 per month (all collectively, the "Cash Collateral").

31. The Debtor requires the use of cash collateral to fund all necessary operating expenses of the Debtor's business.

32. The Debtor will suffer immediate and irreparable harm if it is not authorized to use cash collateral to fund the expenses set forth in the Budget. Absent such authorization, the Debtor will not be able to maintain and protect its business.

33. The Debtor proposes to use the Cash Collateral in accordance with the terms of the Budget attached to its Motion for Authority to Use Cash Collateral as Exhibit "A." The Debtor also requests that it be authorized: (i) to exceed any line item on the budget by an amount

up to ten (10) percent of each such line item; or (ii) to exceed any line item by more than ten (10) percent so long as the total of all amounts in excess of all line items for the Budget do not exceed ten (10) percent in the aggregate of the total budget.

34. The Debtor is prepared to offer adequate protection to the Cash Collateral Lenders in the form of a replacement lien on the Debtor's receivables and the Debtor's projected positive cash flow.

### Conclusion

35. For all of the foregoing reasons, I respectfully requested that the Bankruptcy Court grant the relief requested in the First-Day Motions. I reserve the right to supplement and/or amend this Declaration with testimony and/or exhibits.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and current to the best of my knowledge and belief.

Date: November __5__, 2025

Charles Mullis
Manager